**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GREGORY HOLDER, CHARLENE HOLDER, AND JULIUS HOLDER,

Plaintiffs,

v.

CIVIL ACTION FILE NO.: 3:16-CV-1307-J-39JBT

ROBERT T. ANDERSON, INDIVIDUALLY, SMITH TRANSPORTATION, INC., JAMES E. MINTON, INDIVIDUALLY, ANTHONY R. MACHECA, INDIVIDUALLY, AND ANTS INTERSTATE TRUCKING, LLC.,

Defendants.
_______________________________/

**DEFENDANT SMITH TRANSPORTATION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, SMITH TRANSPORTATION, INC. ("Defendant" or "Smith"), pursuant to Rule 56(b), F.R.C.P., and M.D. Fla. Loc. R. 3.01, hereby moves this Court for the entry of partial summary judgment in its favor on the grounds that the pleadings, undisputed facts, affidavits and discovery in this case, as well as the applicable law, establish that there is no genuine issue as to any material fact and that Defendant Smith is entitled to partial summary judgment as a matter of law on the issues, grounds and substantial matters of law as herein set forth below.

## I. OPERATIVE COMPLAINT'S ALLEGATIONS

By way of the Second Amended Complaint (hereinafter "Complaint") for Damages, which was filed on July 26, 2017, Plaintiffs, Gregory Holder, Charlene Holder and Julius Holder have sued Robert T. Anderson, Smith Transportation, Inc., James E. Minton, Anthony R. Macheca, Ants Interstate Trucking, LLC and O'Neill Transport Services, Inc. Smith Transportation, Inc. will hereinafter be referred to as "this Defendant" or "Smith."

The Complaint arises out of a motor vehicle collision that occurred on or about December 15, 2015. At the time of the incident, Mr. Anderson and Mr. Macheca were each operating a tractor-trailer and Julius Holder was operating 2004 Chevrolet Silverado, with Gregory Holder as passenger. The Plaintiffs purport that Mr. Anderson and Mr. Macheca negligently operated their respective tractor-trailers and thereby caused a collision between their vehicles and the vehicle driven by Julius Holder.

With respect to Smith, under the "Imputed Liability" section of the Complaint, Plaintiffs assert that at the time of the subject collision, Defendant Robert T. Anderson was operating the vehicle on behalf of Defendant Smith Transportation, Inc. and/or Defendant James E. Minton ¶ 26.

The Complaint, under the same "Imputed Liability" section, purports that Defendant Smith Transportation, Inc. is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Robert T. Anderson in regard to the collision described in this Complaint under the doctrine of "lease liability", agency or apparent agency and/or *respondeat superior*. ¶ 27.

Further, Plaintiffs have brought allegations against Smith for negligent hiring, training and supervision. In support of the claims for negligent hiring, training and

supervision, it is contended that this Defendant was negligent in hiring Mr. Anderson, failing to properly train Mr. Anderson in the safe operation of a tractor-trailer, in entrusting Mr. Anderson with the tractor-trailer, and in failing to properly supervise Mr. Anderson. ¶ 34.35.36. Finally, Plaintiff, Charlene Holder, sues this Defendant for loss of Gregory Holder's consortium.

Notably, there are no allegations in the Complaint regarding the necessity of and/or failure to perform a pre-employment investigation or any allegation that such investigation would have revealed that Mr. Anderson was unsuitable for employment, as required to sustain the burden of proof for a claim for negligent hiring. Nor are there any allegations that during Mr. Anderson's employment, Defendant Smith knew or should have known that Mr. Anderson was unfit, but failed to take appropriate action, as required to sustain the burden of proof for a claim for negligent supervision. To the contrary, as can be seen in the attached Affidavit of Mr. Greg Smith, Defendant Smith had no information indicating that Robert Anderson was an unfit driver. *See* **EXHIBIT A** – Affidavit of Mr. Greg Smith. Moreover, there are no allegations regarding what duty was owed by Defendant Smith to Plaintiffs in the context of Mr. Anderson's employment, how said duty was breached by training or lack thereof and how this specific training or lack thereof caused damage to Plaintiffs.

## II. SUMMARY OF ARGUMENT

This Defendant cannot be held liable as a matter of law because, at the time of the incident: (1) Smith did not own the tractor; and (2) there is not a scintilla of record evidence supporting any of the elements for negligent hiring, training, entrustment or supervision.

In short, there are no genuine issues of material fact, that Plaintiffs' purported causes of action based on vicarious liability based on ownership of the tractor, negligent hiring, entrustment, training and supervision against Smith Transportation, Inc. are unsubstantiated based on the fact the record is devoid of any evidence supporting such claims, nor has any evidence been established which could create a genuine material issue of fact in regards to any of the above, and as such, summary judgment in favor of Smith Transportation, Inc. is appropriate. In sum, Defendant Smith submits Plaintiffs have failed to sustain their burden of proof as to the aforementioned counts contained in the Complaint, or otherwise present record evidence creating a genuine issue of material fact, and as set forth in the Memorandum of Law which follows this Motion, Defendant Smith is respectfully requesting this Court to grant partial summary judgment in its favor as to the aforementioned allegations. The arguments in support of this request are set forth in detail below.

**WHEREFORE**, upon the foregoing grounds, bases and authority, the Defendant, SMITH TRANSPORTATION, INC. respectfully requests this Court to enter Partial Summary Judgment in its favor on the above referenced Plaintiffs' claims, together with such other relief as this Court deems just and appropriate.

## MEMORANDUM OF LAW

### 1. Standard of Review

Rule 56 F.R.C.P. allows for summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); See also Umano v. W.C. Robinson & Assoc, Inc., 352 F. Supp. 2d 1259,

(S.D.Fla. 2004). In Umano, the Court noted "Once the moving party has established the absence of a genuine issue of material fact, to which the nonmoving party bears the burden at trial, it is up to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial". See Celtoex v. Catrett, 477 U.S. 317, 324 (1986); See also Allen v. Tyson Foods, Inc., 121 F.3d 642 (11th Cir. 1997). In Allen, the Court noted that on motion for summary judgment, "A mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party". If the non-moving party fails to make sufficient showing on any essential element of its case for which it carries the burden of proof, then "the court must enter summary judgment for the moving party." Umano, supra.

## I. THIS DEFENDANT CANNOT BE HELD LIABILE UNDER FLORIDA'S DANGEROUS INSTRUMENTALITY DOCTRINE

### A. THIS DEFENDANT IS NOT THE TITLE OWNER OF THE TRACTOR

The dangerous instrumentality doctrine imposes strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another. Toombs v. Alamo Rent-A-Car, Inc., 833 So. 2d 109 (Fla. 2002); Aurbach v. Gallina, 753 SO. 2d 60 (Fla. 2000). In order for the dangerous instrumentality doctrine to apply, the person held vicariously liable must have an identifiable property interest in the instrumentality, such as ownership, rental, bailment or leasehold interest in the vehicle. Saullo v. Douglas, 957 So. 2d 80 (Fla. 5th

DCA 2007). A trailer is not a dangerous instrumentality and thus the owner of same cannot be held liable pursuant to the dangerous instrumentality doctrine. Cheung v. Ryder Truck Rental, Inc., 595 So. 2d 82 (Fla. 5th DCA 1992); Pullman, Inc. v. Johnson, 543 So. 2d 231 (Fla. 4th DCA 1987); Garcia v. Mid-Florida Hauling, Inc., 350 So. 2d 1141 (Fla. 1st DCA 1997). To the extent Plaintiffs are asserting any vicarious liability against this Defendant under the dangerous instrumentality doctrine, such claims are completely unsupported by the facts and must fail.

The title of the tractor, attached hereto as **EXHIBIT B**[1], unequivocally demonstrates that Smith Transportation did not own the tractor on the day in question. *See also* **EXHIBIT C** – Affidavit of Mr. Minton. Since this Defendant did not have an identifiable property interest in the tractor at the time of the incident, it cannot be held liable to Plaintiffs pursuant to Florida's dangerous instrumentality doctrine.

**B. THE GRAVES AMENDMENT**

Further, the Federal Graves Amendment provides that an owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) will not be liable under the law of any state or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and (2) there is no negligence or criminal wrongdoing

[1] The title is admissible pursuant to Federal Rule of Evidence 803(8).

on the part of the owner (or an affiliate of the owner). 49 U.S.C. § 30106 (2006). The Florida Supreme Court has provided its position regarding The Graves Amendment, holding that Florida's dangerous instrumentality doctrine is in fact preempted and fully superseded by The Graves Amendment. *See* Vargas v. Enterprise Leasing Co., 60 So.3d 1037 (Fla. 2011).

There is no dispute that this Defendant was not the owner of the tractor that was being operated by Mr. Anderson at the time of the incident; however, even assuming Smith Transportation is somehow found to be (which is wholly denied), this Defendant is engaged in the trade or business of renting or leasing motor vehicles, there is no negligence and certainly not any criminal wrongdoing by Smith Transportation and therefore The Graves Amendment applies to exculpate this Defendant from any liability pursuant to the dangerous instrumentality doctrine. *See* **EXHIBIT A.**

Although Plaintiffs allege negligent hiring, training and supervision against Smith Transportation, the record is devoid of any facts establishing the *prima facie* elements of these causes of action and there is no genuine issue of material fact that such claims have not been established, and cannot be established against this Defendant to rescind the applicability of The Graves Amendment. As such, assuming this Defendant is somehow found to be the owner of the tractor, it is immunized from liability under the dangerous instrumentality doctrine pursuant to The Graves Amendment.

## II. NEGLIGENT HIRING, TRAINING AND SUPERVISION

## A. PLAINTIFFS HAVE FAILED TO ESTABLISH ANY EVIDENCE IN SUPPORT OF THE *PRIMA FACIE* ELEMENTS FOR NEGLIGENT HIRING, TRAINING OR SUPERVISION

### (1) NEGLIGENT SUPERVISION

To prove a cause of action for negligent supervision under Florida law, the plaintiff must show (1) the existence of a relationship giving rise to a legal duty to supervise; (2) negligent breach of that duty; and (3) proximate causation of injury by virtue of the breach. Albra v. City of Fort Lauderdale, 232 Fed. Appx. 885 (11th Cir. 2007). A breach of the duty to supervise is cognizable under Florida law only when during the course of employment, the employer becomes aware, or should have become aware of problems with an employee that indicate the unfitness and the employer fails to take further action such as investigation, discharge, or reassignment. Department of Environmental Protection v. Hardy, 907 So. 2d 655, 661 (Fla. 5th DCA 2005).

In the subject case, Plaintiffs have failed to establish any evidence supporting a breach of any alleged duty or how this Defendant breached any legal duty owed to Plaintiffs, much less have Plaintiffs adduced any evidence demonstrating Plaintiffs were damaged by virtue of any alleged breach. Third, Plaintiffs have not demonstrated any evidence showing that Mr. Anderson was an unfit employee or that this Defendant was aware, or should have become aware, of any problems with Mr. Anderson indicating his unfitness or that this Defendant failed to take further action in this regard. *See* **EXHIBIT A**. Accordingly, as a matter of law and based upon the undisputed material facts adduced throughout the course of discovery in this case, this Defendant is entitled to judgment in its favor with respect to Plaintiffs' claim for negligent supervision.

**(2) NEGLIGENT HIRING**

Under Florida law, a claim for negligent hiring requires that: (1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known. Malicki v. Doe, 814 So. 2d 347 (Fla. 2002). A negligent hiring claim focuses on the employer's pre-employment investigation of an employees' background, while a claim for negligent supervision or retention focuses on an employer's failure to take post-employment action where the employer knows an employee is unfit. Id.

In the case at bar, Plaintiffs have failed to adduce a shred of evidence that (1) this Defendant was required to make an appropriate investigation of Mr. Anderson and failed to do so; (2) that an appropriate investigation would have revealed the alleged unsuitability of Mr. Anderson for the particular duty to be performed or for employment in general (much less have Plaintiffs established that Mr. Anderson was an unsuitable employee / driver in any way); (3) it was unreasonable for this Defendant to hire Mr. Anderson in light of the information this Defendant knew or should have known and Plaintiffs have not brought forth any information about Mr. Anderson which made it unreasonable to hire him or (4) this Defendant conducted or failed to conduct a pre-employment investigation of Mr. Anderson or that any such investigation would have revealed facts leading to believe that Mr. Anderson was a risk of danger to others. Accordingly, there is no genuine issue of material fact that Plaintiffs' have failed to adduce any evidence in support of their claims

for negligent hiring, and therefore summary judgment in favor of this Defendant as to such claims is appropriate.

**(3) NEGLIGENT TRAINING**

With regard to claims for negligent training, the plaintiff must show the elements of duty, breach, causation and damages. Wynn v. City of Lakeland, 727 F. Supp. 2d 1309, 1316 (M.D. Fla. 2010) (applying Florida law and holding that defendant was entitled to summary judgment because the training was not inadequate and any alleged breach due to inadequate training was not the proximate cause of the alleged damages); Watson v. City of Hialeah, 552 So. 2d 1146, 1149 (Fla. 3d DCA 1989).

As stated above, the record is devoid of any evidence supporting what duty was owed by this Defendant to Plaintiffs in the context of Mr. Anderson's employment. Moreover, the record is devoid of any evidence providing how this alleged duty was breached by lack of training and how this specific training or lack thereof caused damage to Plaintiffs. Again, to the contrary, it is this Defendant's contention that it had no information indicating that Robert Anderson was an unfit driver. *See* **EXHIBIT A**. As such, the undisputed material facts indicate that Plaintiffs cannot establish a claim for negligent training as a matter of law.

**IV. LOSS OF CONSORTIUM MUST BE DISMISSED, SINCE IT IS DERIVATIVE OF GREGORY HOLDER'S CLAIMS**

A cause of action for loss of consortium is derivative and thus predicated on the success on the spouse's claim. Echols v. RJ Reynolds Tobacco Co., 2014 U.S. Dist. LEXIS 146841, *14 (S.D. Fla. 2014); Sanchez v. Martin, 416 So. 2d 15 (Fla. 3d DCA 1982); Habelow v.

Travelers Ins. Co., 389 So. 2d 218 (Fla. 5th DCA 1980); Davis v. Asbell, 328 So. 2d 204 (Fla. 1st DCA 1976). As heretofore noted, Charlene Holder sues this Defendant for loss of Gregory Holder's consortium. As such, since Mrs. Holder's claim is derivative of Mr. Holder's claims for imputed liability and negligent hiring, retention and supervision, her claim is predicated upon the success of Mr. Holder's claims. Since Mr. Holder's claims fail as a matter of law, as heretofore discussed, Mrs. Holder's claim for loss of consortium also fails as a matter of law and is appropriately dismissed with prejudice.

**WHEREFORE**, upon the foregoing grounds, bases and authority, the Defendant, SMITH TRANSPORTATION, INC. respectfully requests this Court to enter Partial Summary Judgment in its favor on the above referenced Plaintiffs' claims, together with such other relief as this Court deems just and appropriate.

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Defendants, ROBERT ANDERSON, JAMES MINTON AND SMITH TRANSPORTATION, INC.*
Cole, Scott & Kissane Building
4686 Sunbeam Road
Jacksonville, Florida 32257
Telephone (904) 672-4098
Facsimile (904) 672-4050
Primary e-mail: ryan.williams@csklegal.com
Secondary e-mail: sami.achem@csklegal.com
Alternate e-mail: kaylia.locke@csklegal.com

By: s/ Sami R. Achem, Jr.
RYAN K. WILLIAMS
FLA BAR 728713
SAMI R. ACHEM
Florida Bar No.: 669962

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of January, 2018, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Defendants, ROBERT ANDERSON, JAMES MINTON AND SMITH TRANSPORTATION, INC.*
Cole, Scott & Kissane Building
4686 Sunbeam Road
Jacksonville, Florida 32257
Telephone (904) 672-4098
Facsimile (904) 672-4050
Primary e-mail: ryan.williams@csklegal.com
Secondary e-mail: sami.achem@csklegal.com
Alternate e-mail: kaylia.locke@csklegal.com

By: s/ Sami R. Achem, Jr.
RYAN K. WILLIAMS
FLA BAR 728713
SAMI R. ACHEM
Florida Bar No.: 669962